UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| THOMAS D'AQUIN | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-12852 |
| NEW ORLEANS MISSION, et al. | SECTION: "G"(2) |

## ORDER

Pending before the Court is Defendants New Orleans Mission, Inc., the New Orleans Mission Board of Directors, David Bottner, Ronell Williams, and John Proctor's (collectively "Defendants") "Motion to Dismiss and Alternative Motion for a More Definite Statement."[1] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

In this litigation, *pro se* Plaintiff Thomas D'Aquin ("Plaintiff") alleges that Defendants violated his civil rights "in a Civil and Criminal Conspiracy since [*sic*] for being a non-believer" and interfered with his right to due process "thus violating US 18 249."[2] Plaintiff further alleges that Defendants held him against his will "and prohibited him from having contact with the outside."[3] It appears that Plaintiff also alleges that Defendants prevented him from working on another case he had filed in federal district court and that they confiscated his "work product"

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1 at 1.

[3] *Id.*

related to that case.[4] According to Plaintiff, Defendants terminated his stay at "Defendants Mission" and discriminated against Plaintiff.[5] Plaintiff alleges that Defendants allowed "three of the Disciples" to verbally and physically attack him and did not terminate them from "the program," because "the three were believers."[6] Plaintiff also alleges that Defendants threatened him with homelessness and that he was eventually evicted from the program.[7] According to Plaintiff, Defendants were "brainwashing persons in the program, Disciples for Christ" and "preached the examples of a cult as exhibited by IHOP."[8] Plaintiff alleges that Defendants did not allow him to contact his spouse or attorney to "help appeal his case example."[9] Plaintiff also appears to allege that he attempted to contact the executive director to make him aware of the brainwashing but was then "kicked out of the residence."[10] Plaintiff seeks $10,000,000 from each Defendant for pain and suffering and mental anguish.[11]

---

[4] *Id.*

[5] *Id.* at 1–2.

[6] *Id.* at 2.

[7] *Id.* at 2, 3.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.*

Plaintiff filed the complaint in this matter on July 18, 2016.[12] Defendants filed the pending motion on September 20, 2016.[13] Plaintiff filed an opposition to the motion on October 31, 2016.[14]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Dismiss*

In their motion, Defendants note that Plaintiff has filed at least sixteen separate lawsuits in the Eastern District of Louisiana since February 2015.[15] According to Defendants, Plaintiff fails to state a claim over which the Court has subject matter jurisdiction and fails to state a claim upon which relief can be granted.[16] First, Defendants contend that the Court lacks subject matter jurisdiction over this action and that it should thus be dismissed pursuant to Rule 12(b)(1).[17] Defendants argue that there is no diversity jurisdiction in this case, as Plaintiff concedes that this suit involves a Louisiana citizen suing defendants who are also citizens of Louisiana.[18] Moreover, Defendants contend that there is no federal question jurisdiction in this case, because there is no federal question at issue.[19] Defendants assert that the complaint makes reference to the Hate Crimes Act, 18 U.S.C. § 249, but argue that this law only provides criminal, not civil, remedies

---

[12] *Id.*

[13] Rec. Doc. 7.

[14] Rec. Doc. 8.

[15] Rec. Doc. 7-1 at 1.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 2.

[19] *Id.*

3

and cannot therefore be the basis for jurisdiction here.[20] Defendants further argue that the complaint does not reference any other source of federal law.[21] Defendants note that Plaintiff alludes to his civil rights but argue that the complaint does not purport to state a claim pursuant to 42 U.S.C. § 1983.[22] Even if the Court were to find that the complaint impliedly asserts a claim under Section 1983, Defendants contend that Plaintiff has failed to allege such a claim, because the complaint does not contain any allegations that Defendants deprived Plaintiff of a right under the constitution or laws of the United States while acting under the color of state law.[23]

Next, Defendants argue that the complaint is "vague, incoherent, and fails to plead 'enough facts to state a claim [for] relief that is plausible on its face.'"[24] According to Defendants, it is unclear what wrongful conduct Plaintiff alleges that Defendants have committed, and the allegations in the complaint "do not suffice to state a plausible claim upon which relief can be granted."[25] Even if the Court were to find that the complaint impliedly invoked Section 1983, Defendants contend that Plaintiff has not alleged the basic elements of such a claim or any claim arising under federal law, and the action should therefore be dismissed pursuant to Rule 12(b)(6).[26]

---

[20] *Id.* (citing *D'Aquin v. Starwood Hotels and Worldwide Props., et al.*, Civ. A. No. 15-1963, 2015 WL 5254735, at *2–3 (E.D. La. Sept. 8, 2015) (Berrigan, J.)).

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[25] *Id.* at 4.

[26] *Id.* at 5.

4

Finally, Defendants argue that in the alternative, Plaintiff should be required to state his allegations with greater specificity, because the allegations in the complaint are incoherent.[27] If the Court determines that Defendants are not entitled to dismissal, Defendants request that the Court require Plaintiff to provide a more definite statement of his claims pursuant to Rule 12(e).[28]

### B.   *Plaintiff's Opposition to the Motion*

In opposition, Plaintiff contends that the case is governed by "Title VII of the Civil Rights Act of 1964 and includes 1983."[29] Plaintiff asserts that "[t]hese includes [*sic*] any harassment or termination of a volunteer which Plaintiff was a volunteer."[30] Plaintiff argues that he was "harassed and terminated by Defendants for different beliefs" and that Defendants were all paid by New Orleans Mission.[31] Plaintiff contends that Defendants' counsel is attempting to "have the courts discriminate against" him by referring to Plaintiff's past cases.[32]

### III. Law and Analysis

### A.   *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[33] A motion to dismiss for failure to state

---

[27] *Id.* at 6.

[28] *Id.*

[29] Rec. Doc. 8 at 1.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 1–2.

[33] Fed. R. Civ. P. 12(b)(6).

5

a claim is "viewed with disfavor and is rarely granted."[34] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[35] "Factual allegations must be enough to raise a right to relief above the speculative level."[36] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[37]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[38] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[39] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[40] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[41] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[42] That is, the complaint must offer more than an "unadorned, the defendant-

---

[34] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[36] *Twombly*, 550 U.S. at 556.

[37] *Id.* at 570.

[38] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[39] *Iqbal*, 556 U.S. at 677–78.

[40] *Id.* at 679.

[41] *Id.* at 678.

[42] *Id.*

unlawfully-harmed-me accusation."[43] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[44] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[45]

### B. *Legal Standard for Rule 12(e) Motion for a More Definite Statement*

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[46] The motion must state the defects in the pleading and the details desired.[47] A party may not use a Rule 12(e) motion as a substitute for discovery.[48] However, the Supreme Court has held that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[49] In deciding whether to grant a Rule 12(e) motion for a more definite statement, the trial judge is given considerable discretion.[50]

---

[43] *Id.*

[44] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[45] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[46] Fed. R. Civ. P. 12(e). *See Cole v. JEBF Holdings, LLC*, No. 14-0298, 2014 WL 6327088, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.).

[47] *See* Fed. R. Civ. P. 12(e).

[48] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

[49] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

[50] *See Mitchell*, 269 F.2d at 129. *See also Cole*, 2014 WL 6327088, at *2 (internal citation omitted) ("A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.").

C.   *Analysis*

As an initial matter, the Court notes that Defendants first argue that the Court should dismiss Plaintiff's claims against them pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[51] Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's allegations, because the parties are not diverse and there is no federal question at issue in the complaint.[52] The Court notes that Plaintiff appears to allege in the complaint that Defendants violated the Hate Crimes Protection Act, 18 U.S.C. § 249.[53] Section 249 is a federal criminal statute and does not provide for a private right of action.[54] Unless provided for in a statute, violations of criminal statutes do not provide a private right of action.[55] Thus, Section 249 does not establish jurisdiction under 28 U.S.C. § 1331.

However, the Court notes that it interprets pleadings and briefs of *pro se* litigants liberally "to afford all reasonable inferences which can be drawn from them."[56] Mindful of Plaintiff's *pro se* status and construing the complaint liberally, the Court finds that Plaintiff has also attempted to raise claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court notes that Plaintiff alleges that Defendants violated his civil rights for being a "non-believer."[57] The

---

[51] Rec. Doc. 7-1 at 2.

[52] *Id.*

[53] Rec. Doc. 1 at 1.

[54] 18 U.S.C. § 249.

[55] *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (*per curiam*) (citing *Cort v. Ash*, 522 U.S. 66, 79 (1975)).

[56] *In re Tex. Pig Stands, Inc.,* 610 F.3d 937, 941 n.4 (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[57] Rec. Doc. 1 at 1.

8

complaint also alleges that Defendants "interfered with Plaintiff's right to due process."[58] Construing the complaint liberally, it thus appears that Plaintiff is attempting to bring a claim for violation of his civil rights pursuant to 42 U.S.C. § 1983. Moreover, in opposition to the instant motion, Plaintiff asserts that this case is filed pursuant to "Title VII of the Civil Rights Act and includes 1983."[59] Thus, it appears that Plaintiff is invoking the Court's federal question jurisdiction.

To state a claim under Section 1983, a plaintiff must "allege that a person or entity acting under color of law has deprived him of a federal right."[60] Here, Plaintiff's complaint does not contain any allegations that Defendants were acting under color of law. Moreover, it is unclear from the vague allegations in the complaint how exactly the actions of Defendants deprived him of a federal right. Therefore, Plaintiff has failed to allege sufficient factual allegations to state a claim under Section 1983. However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[61] Short of granting a motion to dismiss, a court may, in its discretion, grant a plaintiff leave to amend his complaint.[62] Thus, mindful of the Fifth Circuit's guidance and considering Defendants' alternative motion for a more definite statement pursuant to Rule 12(e),

---

[58] *Id.*

[59] Rec. Doc. 8 at 1.

[60] *Lavergne v. Busted in Acadiana*, 593 F. App'x 368, 369 (5th Cir. 2014) (*per curiam*) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)).

[61] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[62] See *Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

the Court, in its discretion, will deny Defendants' motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) at this time and grant Defendants' motion for a more definite statement of Plaintiff's claims against Defendants pursuant to Rule 12(e). The Court grants Plaintiff leave to amend his complaint to address the deficiencies noted by the Court, if possible, and to provide a more definite statement of his claims under Section 1983.

As to Plaintiff's assertion in his opposition that he brings claims under Title VII, the Court notes that Title VII of the Civil Rights Act of 1964 prohibits employment discrimination.[63] However, Plaintiff's complaint does not contain any allegations that he was employed by Defendants. Plaintiff therefore raises a claim under Title VII for the first time in his opposition. A new claim cannot be raised in opposition to a motion to dismiss.[64] However, the Fifth Circuit has held that "[g]enerally, a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave to amend the complaint, and the district court should determine whether leave should be granted."[65] Here, Plaintiff presents no arguments as to why he should be allowed to amend the complaint to allege a claim under Title VII. However, in consideration of Plaintiff's *pro se* status, the Court will also grant Plaintiff leave to amend the complaint to allege a claim under Title VII.

---

[63] 42 U.S.C. § 2000e, *et seq.*

[64] *See Payne v. Hammond City*, No. 15-1022, 2017 WL 1164343 (E.D. La. Mar. 29, 2017) (Brown, J.).

[65] *Pierce v. Hearne Ind. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008)).

## IV. Conclusion

Construing Plaintiff's complaint liberally, the Court finds that Plaintiff attempts to invoke the Court's federal question jurisdiction by alleging violations of his civil rights under 42 U.S.C. § 1983. The Court further finds that Plaintiff has failed to allege sufficient factual allegations to state a claim under Section 1983. However, mindful that dismissal is a harsh remedy and considering Defendants' alternative motion for a more definite statement pursuant to Rule 12(e), the Court, in its discretion, will deny Defendants' motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) at this time and grant Defendants' motion for a more definite statement of Plaintiff's claims pursuant to Rule 12(e). The Court grants Plaintiff leave to amend his complaint to address the deficiencies noted by the Court, if possible, and to provide a more definite statement of his claims against Defendants under Section 1983 by August 14, 2017. Plaintiff raises for the first time in his opposition to the motion a claim under Title VII. The Court, in its discretion, will also allow Plaintiff until August 14, 2017, to amend his complaint to allege a claim under Title VII, if possible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss and Alternative Motion for a More Definite Statement"[66] is **GRANTED IN PART AND DENIED IN PART. IT IS GRANTED IN PART** to the extent that it requests a more definite statement of Plaintiff's claims against Defendants. **IT IS DENIED** in all other respects.

---

[66] Rec. Doc. 7.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint by August 14, 2017, to: (1) address the deficiencies noted by the Court, if possible, and to provide a more definite statement of his claims against Defendants under Section 1983; and (2) allege a claim under Title VII of the Civil Rights Act of 1964. If Plaintiff fails to amend the complaint by August 14, 2017, upon motion by a party, the Court will dismiss Plaintiff's claims against Defendants.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of August, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**