# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| THOMAS D'AQUIN | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 16-12852 |
| NEW ORLEANS MISSION, et al. | SECTION: "G"(2) |

## ORDER

Pending before the Court is Defendants New Orleans Mission, Inc., the New Orleans Mission Board of Directors, David Bottner, Ronell Williams, and John Proctor's (collectively "Defendants") Second Motion to Dismiss.[1] This motion was filed on August 16, 2017, and set for submission on September 13, 2017.[2] Having considered the motion, the memorandum in support, the Court's previous order, and the applicable law, the Court will grant the motion.

## I. Background

In this litigation, *pro se* Plaintiff Thomas D'Aquin ("Plaintiff") alleges that Defendants violated his civil rights "in a Civil and Criminal Conspiracy since [*sic*] for being a non-believer" and interfered with his right to due process "thus violating US 18 249."[3] Plaintiff further alleges that Defendants held him against his will "and prohibited him from having contact with the outside."[4] It appears that Plaintiff also alleges that Defendants prevented him from working on another case he had filed in federal district court and that they confiscated his "work product"

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 15-2.

[3] Rec. Doc. 1 at 1.

[4] *Id.*

1

related to that case.[5] According to Plaintiff, Defendants terminated his stay at "Defendants Mission" and discriminated against Plaintiff.[6] Plaintiff alleges that Defendants allowed "three of the Disciples" to verbally and physically attack him and did not terminate them from "the program," because "the three were believers."[7] Plaintiff also alleges that Defendants threatened him with homelessness and that he was eventually evicted from the program.[8] According to Plaintiff, Defendants were "brainwashing persons in the program, Disciples for Christ" and "preached the examples of a cult as exhibited by IHOP."[9] Plaintiff alleges that Defendants did not allow him to contact his spouse or attorney to "help appeal his case example."[10] Plaintiff also appears to allege that he attempted to contact the executive director to make him aware of the brainwashing but was then "kicked out of the residence."[11] Plaintiff seeks $10,000,000 from each Defendant for pain and suffering and mental anguish.[12]

Plaintiff filed the complaint in this matter on July 18, 2016.[13] Defendants filed their first motion to dismiss and, in the alternative, motion for a more definite statement on September 20,

---

[5] *Id*.

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.* at 2, 3.

[9] *Id.* at 2.

[10] *Id.*

[11] *Id.* at 3.

[12] *Id.*

[13] *Id.*

2016.[14] Plaintiff filed an opposition to the motion on October 31, 2016.[15] On August 7, 2017, the Court granted the Defendants' motion to the extent that it requested a more definite statement of Plaintiff's claims against Defendants, and denied the Defendants' motion in all other respects.[16] The Court further granted Plaintiff leave to amend his complaint to address the deficiencies noted by the Court in its order.[17] The Court further stated that if Plaintiff did not amend the complaint by August 14, 2017, the Court would dismiss Plaintiff's claims against Defendants.[18]

## II. Party's Arguments

Defendants first assert that Plaintiff's claims should be dismissed entirely, since Plaintiff did not timely amend his complaint as ordered by the Court.[19] Defendants specifically quote the Court's order, stating "If Plaintiff fails to amend the complaint by August 14, 2017, upon motion by a party, the Court will dismiss Plaintiff's claims against Defendants."[20] Defendants then contend that they are also entitled to dismissal under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[21] Defendants assert that "Plaintiff's complaint fails to state a claim for which the Court has jurisdiction, and fails to state a claim upon which relief may be granted."[22] Finally,

---

[14] Rec. Doc. 7.

[15] Rec. Doc. 8.

[16] Rec. Doc. 13 at 11-12.

[17] *Id.* at 12.

[18] *Id.*

[19] *See* Rec. Doc. 15-1 at 1; *see also* Rec. Doc. 13.

[20] Rec. Doc. 15-1 (citing Rec. Doc. 13).

[21] Rec. Doc. 15-1 at 1.

[22] *Id.*

Defendants assert that these arguments were fully set forth in their original motion to dismiss.[23]

### III. Law and Analysis

*A. Legal Standard*

Federal Rule of Civil Procedure 12(b)(1) provides that an action may be dismissed for the "lack of subject matter jurisdiction." "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[24] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[25]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[26] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[27] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[28] "Factual allegations must be enough to raise a right to relief above the speculative level."[29] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[30]

---

[23] Rec. Doc. 15-1 at 1.

[24] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

[25] *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

[26] Fed. R. Civ. P. 12(b)(6).

[27] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[29] *Twombly*, 550 U.S. at 556.

[30] *Id.* at 570.

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[31] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[32] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[33] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[34] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[35] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[36] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[37] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[38]

---

[31] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[32] *Iqbal*, 556 U.S. at 677–78.

[33] *Id.* at 679.

[34] *Id.* at 678.

[35] *Id.*

[36] *Id.*

[37] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[38] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Finally, pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[39]

### B. *Analysis*

Defendants assert that Plaintiff's action should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). 12(b)(1) provides that an action may be dismissed due to lack of subject matter jurisdiction. Since plaintiff is a *pro se* party, his pleadings are to be interpreted liberally.

Here, Plaintiff alleges that Defendants violated his civil rights for being a "non-believer," and he alleges that Defendants interfered with his right of due process.[40] As stated in the Court's previous order, it "appears that Plaintiff is attempting to bring a claim for violation of his civil rights pursuant to 42 U.S.C. § 1983. Moreover, in opposition to the instant motion, Plaintiff asserts that this case is filed pursuant to 'Title VII of the Civil Rights Act and includes 1983.'[41] Thus, it appears that Plaintiff is invoking the Court's federal question jurisdiction."

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[42] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[43]

---

[39] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[40] Rec. Doc. 1 at 1.

[41] Rec. Doc. 8 at 1.

[42] Fed. R. Civ. P. 12(b)(6).

[43] *Id.* at 570.

To state a claim under Section 1983, a plaintiff must "allege that a person or entity acting under color of law has deprived him of a federal right."[44] As stated in the Court's previous order, Plaintiff's complaint does not allege that Defendants were acting under the color of law, and it does not clearly allege how Defendants have deprived him of a federal right.

Moreover, Title VII of the Civil Rights Act of 1964 prohibits employment discrimination.[45] Here, Plaintiff's complaint does not contain any allegations that he was employed by Defendants.

However, acknowledging Plaintiff's *pro se* status, the Fifth Circuit's instruction that a motion to dismiss under 12(b)(6) "is viewed with disfavor,"[46] and the Fifth Circuit's holding that "a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave to amend the complaint,"[47] the Court granted Plaintiff 14 days to "(1) address the deficiencies noted by the Court, if possible, and to provide a more definite statement of his claims against Defendants under Section 1983; and (2) allege a claim under Title VII of the Civil Rights Act of 1964."[48]

Following the Court's order, Plaintiff has not amended his complaint, timely or otherwise. Thus, there is no set of facts in the complaint that entitle Plaintiff to relief.

Accordingly,

---

[44] *Lavergne v. Busted in Acadiana*, 593 F. App'x 368, 369 (5th Cir. 2014) (*per curiam*) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)).

[45] 42 U.S.C. § 2000e, *et seq.*

[46] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[47] *Pierce v. Hearne Ind. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008)).

[48] Rec. Doc. 13.

**IT IS HEREBY ORDERED** that "Defendants' Second Motion to Dismiss" is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 31st day of October, 2017.

_____
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE